IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN R. WALSH, II, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 16-502-LPS |
| THE ENGLISH MONARCHY, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

### I. BACKGROUND

On July 13, 2016, the Court denied Plaintiff's request to proceed *in forma pauperis*. (*See* D.I. 6) Plaintiff moves for reconsideration on the grounds that other courts have granted him *in forma pauperis* status. (D.I. 8)

### II. LEGAL STANDARDS

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is the "functional equivalent" of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

### III. DISCUSSION

The Court denied Plaintiff *in forma pauperis* status on the grounds of the amount of his annual income. The Court has again reviewed Plaintiff's application to proceed *in forma pauperis* and the instant motion, and finds that Plaintiff has failed to demonstrate any grounds to warrant reconsideration of the Court's July 13, 2016 Order.

In addition, a federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted); *see also Degrazia v. Federal Bureau of Investigation*, 316 F. App'x 172 (3d Cir. Mar. 12, 2009) (claims that meet *Hagan* standard properly dismissed *sua sponte* pursuant to Fed. R. Civ. P. 12(b) (1)). The Court has reviewed the complaint and finds it allegations that seek the net worth of the named parties for their alleged "crimes against humanity" are devoid of merit.

### IV. CONCLUSION

For the reasons set forth above, the Court will: (1) deny Plaintiff's motion for reconsideration (D.I. 6); and (2) dismiss the complaint. Amendment is futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d. Cir. 1976).

A separate Order will be entered.

Dated: September ___, 2016

UNITED STATES DISTRICT JUDGE